UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ADILSON BARBOSA,<br><br>      Defendant. | Criminal Action<br>No. 18-10118-PBS |

**MEMORANDUM AND ORDER**

March 21, 2019

Saris, C.J.

**INTRODUCTION**

Defendant Adilson Barbosa moves to dismiss the indictment charging him with illegal reentry in violation of 8 U.S.C. § 1326. Relying on Pereira v. Sessions, 138 S. Ct. 2105 (2018), he argues that his prior removal order was entered without jurisdiction because his Notice to Appear ("NTA"), the document served on an alien and filed with the immigration court that initiates removal proceedings, did not include the date and time of his removal hearing. After a hearing, the Court holds that Barbosa fails to satisfy the three requirements of 8 U.S.C. § 1326(d) in his collateral attack on his prior removal order.

1

Accordingly, the Court **DENIES** Barbosa's motion to dismiss the indictment (Docket No. 49).

## FACTUAL BACKGROUND

Barbosa is a citizen of Brazil. He entered the United States without inspection on October 22, 2003. He worked as a roofer for a year in Boston, Massachusetts and then in Pompano Beach, Florida. He lived and worked in Seattle, Washington for about six months before deciding to return to Boston.

On December 9, 2008, as Barbosa was driving from Seattle to Boston, he was stopped near Fargo, North Dakota by the North Dakota Highway Patrol. He admitted he was in the country unlawfully and was taken into custody. The following day, U.S. Immigration and Customs Enforcement ("ICE") served Barbosa with an NTA to initiate removal proceedings. The NTA stated that he was ordered to appear in immigration court in Bloomington, Minnesota "on a date to be set at a time to be set." Dkt. No. 50-2 at 1. The NTA was translated into Portuguese for Barbosa. Barbosa requested an expedited removal hearing and waived his right to a ten-day period prior to appearing before an immigration judge.

Barbosa appeared in immigration court on December 18. He was represented by an attorney. After consulting with his attorney, Barbosa declined a continuance. He then conceded his removability and decided not to seek any relief from removal.

2

The immigration judge ordered Barbosa removed to Brazil. Barbosa waived his right to appeal his removal order and was removed from the United States on January 12, 2009.

Barbosa reentered the United States at some point after his 2009 removal. On June 7, 2017, he was arrested in Framingham, Massachusetts for assault and battery with a dangerous weapon. The next day, ICE took him into custody and reinstated his 2008 removal order. Barbosa waived his right to contest the reinstatement before an ICE officer. Barbosa was also indicted for illegal reentry in violation of 8 U.S.C. § 1326. The government dismissed the indictment when Barbosa was removed to Brazil on August 23, 2017.

Barbosa returned to the United States for a third time. He was arrested on an open warrant in Framingham, Massachusetts on December 6, 2017. On April 6, 2018, he was indicted for the second time with illegal reentry in violation of 8 U.S.C. § 1326.

**DISCUSSION**

Barbosa moves to dismiss the indictment on the basis that his 2015 removal order was entered without jurisdiction because the NTA filed with the immigration court did not include the date and time of his removal hearing. He relies on the Supreme Court's recent decision in <u>Pereira v. Sessions</u>, which held that an NTA without the date and time of the removal hearing was not

a valid NTA under 8 U.S.C. § 1229(a) and did not trigger the stop-time rule for cancellation of removal.[1] 138 S. Ct. at 2110. Agency regulations require the filing of an NTA with the immigration court to trigger the court's jurisdiction for removal proceedings, 8 C.F.R. § 1003.14(a), but the regulatory definition of an NTA does not require that it include the date and time of the hearing, see id. §§ 1003.15, 1003.18. Because Barbosa's NTA did not include the date and time of his hearing, he contends it was invalid under Pereira and did not vest the immigration court with jurisdiction to order his removal. He alleges his prior removal order is therefore void and cannot support an illegal reentry charge.

I.  **Standard of Review**

Under Federal Rule of Criminal Procedure 12(b)(1), a defendant "may raise by pretrial motion any defense . . . that the court can determine without a trial on the merits." Pure questions of law are properly considered on a pretrial motion to dismiss. United States v. Pope, 613 F.3d 1255, 1260 (10th Cir. 2010); United States v. O'Brien, 994 F. Supp. 2d 167, 174 n.2 (D. Mass. 2014). Because courts must treat the indictment's allegations as true in evaluating a motion to dismiss,

---

[1] The stop-time rule helps determine whether an alien has been continuously present in the United States long enough to be eligible for cancellation of removal. See 8 U.S.C. § 1229b(d)(1); Pereira, 138 S. Ct. at 2110.

4

defendants cannot raise claims relating to the sufficiency of the evidence underlying the indictment in a motion to dismiss. United States v. Guerrier, 669 F.3d 1, 3-4 (1st Cir. 2011). However, "a district court may consider a pretrial motion to dismiss an indictment where the government does not dispute the ability of the court to reach the motion and proffers, stipulates, or otherwise does not dispute the pertinent facts." United States v. Musso, 914 F.3d 26, 29-30 (1st Cir. 2019) (quoting United States v. Weaver, 659 F.3d 353, 355 n.* (4th Cir. 2011)).

II. **Illegal Reentry**

8 U.S.C. § 1326(a) "forbids an alien who once was deported to return to the United States without special permission." Almendarez-Torres v. United States, 523 U.S. 224, 226 (1998). To convict a defendant of illegal reentry, "the government must prove that the defendant: (1) is an alien, (2) was previously deported, and (3) thereafter entered, or attempted to enter, the United States without permission." United States v. Contreras Palacios, 492 F.3d 39, 42 (1st Cir. 2007).

A defendant charged with illegal reentry has a due process right to challenge the validity of the underlying removal order. See United States v. Mendoza-Lopez, 481 U.S. 828, 837-39 (1987). Congress codified this right in 8 U.S.C. § 1326(d). United States v. DeLeon, 444 F.3d 41, 44 (1st Cir. 2006). Under

§ 1326(d), a defendant may challenge the validity of a prior removal order if he shows that (1) he has "exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d); United States v. Soto-Mateo, 799 F.3d 117, 120 (1st Cir. 2015). The defendant bears the burden on a collateral attack of a prior removal order and must satisfy all three elements to prevail. Soto-Mateo, 799 F.3d at 120-21. To satisfy the third prong of fundamental unfairness, the defendant must make "a showing of procedural error and prejudice." United States v. Luna, 436 F.3d 312, 319 (1st Cir. 2006). A procedural error prejudiced the defendant if there is "a reasonable likelihood that the result would have been different if the error in the deportation proceeding had not occurred." Soto-Mateo, 799 F.3d at 124 (quoting Luna, 436 F.3d at 321).

III. **Analysis**

The jurisdictional question at the heart of Barbosa's motion to dismiss is complex. On judicial review from the Board of Immigration Appeals, two circuit courts have issued published decisions rejecting the argument that the absence of the date and time of the hearing on an NTA deprives the immigration court

6

of jurisdiction. See Karingithi v. Whitaker, 913 F.3d 1158, 1158-59 (9th Cir. 2019) (holding that the regulations, not 8 U.S.C. § 1229(a), define when jurisdiction vests in the immigration court); Hernandez-Perez v. Whitaker, 911 F.3d 305, 314-15 (6th Cir. 2018) (holding that jurisdiction vests with the immigration court where "the mandatory information about the time of the hearing is provided in a Notice of Hearing issued after the NTA" (citation omitted)). No circuit has addressed this issue in the context of a collateral attack on a prior removal order by a defendant charged with illegal reentry. In illegal reentry cases, district courts have split on this issue. Compare United States v. Armijo-Banda, 352 F. Supp. 3d 703, 712 (W.D. Tex. 2018) (holding that an NTA without a date and time cannot vest an immigration court with jurisdiction), United States v. Leon-Gonzalez, 351 F. Supp. 3d 1026, 1030 (W.D. Tex. 2018) (same), United States v. Zapata-Cortinas, 351 F. Supp. 3d 1006, 1017 (W.D. Tex. 2018) (same), United States v. Ortiz, 347 F. Supp. 3d 402, 406 (D.N.D. 2018) (same), United States v. Tzul, 345 F. Supp. 3d 785, 788-89 (S.D. Tex. 2018) (same), and United States v. Niebla-Ayala, 342 F. Supp. 3d 733, 740 (W.D. Tex. 2018) (same), with United States v. Arroyo, -- F. Supp. 3d --, 2018 WL 6729029, at *8 (W.D. Tex. 2018) (holding that an NTA without the date and time does not affect the immigration court's jurisdiction), United States v. Romero-Caceres, -- F.

Supp. 3d --, 2018 WL 6059381, at *9 (E.D. Va. 2018) (same), and United States v. Saravia-Chavez, 349 F. Supp. 3d 526, 531-32 (W.D. Va. 2018) (same). The Court agrees with the reasoning of Karingithi and Hernandez-Perez that the absence of the date and time for a hearing on Barbosa's NTA did not by itself deprive the immigration court of jurisdiction, which is governed by agency regulation, not statute.

In both Karingithi and Hernandez-Perez, the alien received a separate Notice of Hearing with the date and time of the removal hearing. See Karingithi, 913 F.3d at 1162; Hernandez-Perez, 911 F.3d at 314-15; see also Bermudez-Cota, 27 I. & N. Dec. 441, 447 (B.I.A. 2018) ("[A] notice to appear that does not specify the time and place of an alien's initial removal hearing vests an Immigration Judge with jurisdiction over the removal proceedings . . . , so long as a notice of hearing specifying this information is later sent to the alien."). There is no evidence that Barbosa received such a notice, although he did request an expedited removal hearing. However, the agency regulations do not tie the immigration court's jurisdiction to provision of the date and time of the removal hearing.

The Court need not decide the difficult question of whether jurisdiction fails to vest in an immigration court where the alien never receives written notice of the date and time of his removal hearing but he requests an expedited hearing for which

he is actually present. See Karingithi, 913 F.3d at 1162 (declining to address the jurisdictional consequences of a failure to send a Notice of Hearing). Regardless of whether the immigration court had jurisdiction over Barbosa's removal proceedings, he must make the required showing under 8 U.S.C. § 1326(d) to collaterally attack his removal order. Niebla-Ayala, 342 F. Supp. 3d at 745; see also 8 U.S.C. § 1326(d) (stating that "an alien *may not* challenge the validity of the deportation order . . . *unless* the alien demonstrates" the three required factors (emphasis added)). The government need not prove that the prior removal order was lawful to sustain a § 1326 conviction. United States v. Earle, 488 F.3d 537, 547 (1st Cir. 2007).

The indictment charges Barbosa with illegal reentry after his August 23, 2017 removal. This removal was based on a reinstatement of his 2008 removal order. "Reinstatement orders do not exist independent and separate from their prior orders of removal but are instead explicitly premised on the prior order." United States v. Charleswell, 456 F.3d 347, 352 (3d Cir. 2006). Accordingly, "a successful collateral attack on a removal order precludes reliance on a reinstatement of that same order in criminal proceedings for illegal reentry." United States v. Aris-Ordonez, 597 F.3d 972, 982 (9th Cir. 2010). The focus of

9

the § 1326(d) inquiry is therefore on his 2008 removal order, not the 2017 reinstatement.

The record makes clear that Barbosa waived his right to appeal his 2008 removal order. A defendant who does so has not exhausted administrative remedies, Soto-Mateo, 799 F.3d at 120, or been deprived of judicial review, United States v. Roque-Espinoza, 338 F.3d 724, 728-29 (7th Cir. 2003).[2] The First Circuit has assumed without deciding that there is an exception to the exhaustion requirement where the waiver was not knowing and intelligent. Soto-Mateo, 799 F.3d at 120-21. Barbosa consulted with an attorney before waiving his right to appeal and provides no evidence that his waiver was not knowing and intelligent.

In addition, Barbosa has failed to demonstrate that the entry of his prior removal order was fundamentally unfair. He argues that his removal proceedings were fundamentally unfair because the absence of the date and time of the hearing on his NTA deprived the immigration court of jurisdiction. Even if the immigration court did lack jurisdiction, a failure to give the

---

[2] Although a litigant cannot waive an argument about the subject matter jurisdiction of an Article III court, Gonzalez v. Thaler, 565 U.S. 134, 141 (2012), numerous courts have held that challenges to agency jurisdiction can be waived, see, e.g., PGS Geophysical AS v. Iancu, 891 F.3d 1354, 1362 (Fed. Cir. 2018); Metro-N. Commuter R.R. Co. v. U.S. Dep't of Labor, 886 F.3d 97, 108 (2d Cir. 2018); 1621 Route 22 W. Operating Co. v. NLRB, 825 F.3d 128, 140 (3d Cir. 2016).

time and date in the NTA does not by itself render removal proceedings fundamentally unfair when the alien was actually present for his hearing. See United States v. Lopez-Ortiz, 313 F.3d 225, 230 (5th Cir. 2002) (noting that "[f]undamental fairness is a question of procedure" that focuses on whether the defendant had notice, a hearing, and a fair opportunity to be heard). Barbosa had an attorney at his hearing and conceded his removability. Although there is no evidence he received advanced notice of the hearing, he requested an expedited hearing and declined a continuance after consulting with his attorney. The inability to adequately prepare a defense due to a lack of sufficient advance notice may constitute fundamental unfairness in some circumstances, but Barbosa has not demonstrated that his defective NTA interfered with his ability to defend himself against removal, exhaust administrative remedies, or obtain judicial review.

**ORDER**

For the foregoing reasons, Barbosa's motion to dismiss the indictment (Docket No. 49) is **DENIED**.

SO ORDERED

/s/ Patti B. Saris
HON. PATTI B. SARIS
Chief U.S. District Judge